Lisel M. Ferguson (Bar No. 207637)
lisel.ferguson@procopio.com
Nicholas Kawuka (Bar No. 297579)
nicholas.kawuka@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff
Homie Gear, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMIE GEAR, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LANCEBERG HOLDINGS, LLC, a California limited liability company<br><br>Defendant. | Case No. '16CV1062 BTM DHB<br><br>**COMPLAINT FOR:**<br>**(1) DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT**<br>**(2) DECLARATORY JUDGMENT OF NO TRADEMARK DILUTION**<br>**(3) DECLARATORY JUDGMENT OF NO FEDERAL UNFAIR COMPETITION**<br>**(4) DECLARATORY JUDGMENT OF A RIGHT TO USE AND REGISTER A TRADEMARK** |

Plaintiff HOMIE GEAR, INC. ("Homie Gear" or "Plaintiff") for its Complaint against Defendant LANCEBERG HOLDINGS, LLC ("Lanceberg" or "Defendant") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338. The claims alleged in this Complaint arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, and the Lanham Act, 15 U.S.C. §1051, et seq.

2. This Court has personal jurisdiction over Defendant because Defendant is situate in California and conducts business in California. Defendant has purposely availed themselves of the opportunity to conduct commercial activities in this Judicial District by among other things maintaining an online retail store, offering for sale and selling products to target customers in the United States and United States territories, including this Judicial District, and offering to ship and shipping products to customers in the United States and United States territories, including this Judicial District.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred, and continue to occur, in the Southern District of California. Further, Plaintiff has suffered damage within this District, and elsewhere.

## THE PARTIES

4. Plaintiff Homie Gear is a California corporation with its principal place of business at 651 Anita Street, Suite B4, Chula Vista, California 91911.

5. Plaintiff is informed and believes and on that basis alleges that Defendant Lanceberg is a California limited liability company with a principal place of business at 12860 Foothill Blvd., Sylmar, California 91342.

6. Defendant is subject to the jurisdiction of this Court by virtue of its substantial contacts with California, including participation in the acts and events occurring within this Judicial District as described herein.

## FACTUAL BACKGROUND

7. Homie Gear is a California corporation, which directly and through its predecessor-in-interest in many interests – Noor Clothing, Inc. has been engaged in retail sales of various products including but not limited to: slippers, footwear (clogs), shirts, t-shirts, pants, jeans, shorts, underwear, jackets, socks, belts, ski masks, gloves, bandanas, do rags, wave caps for fashion purposes, shoes, sandals, caps, hats, and beanies. Homie Gear and its predecessor-in-interest Noor Clothing,

Inc. have been involved in such sales since at least 1993.

8. Homie Gear sells its products under various brands protected under United States Registered Trademarks including United States Trademark Registration Nos.: 4081620, 4523409, 4131368, and 4722720. Attached as **Exhibit 1** are copies of Homie Gear's aforementioned trademark registrations.

9. After conducting extensive research, development and marketing of its then existing products over the many years, Homie Gear decided to broaden the scope of its trademark portfolio so that Homie Gear could engage in sales of similar and additional products under different brands.

10. In pursuit of this objective, on November 11, 2014, Homie Gear filed an application to register a new mark "SWISS WEAR" in International Class 18, based on its intent to use the mark in connection with the following goods and services: backpacks, book bags, sports bags, bum bags, wallets and handbags. The mark was published for opposition on June 2, 2015. Attached as **Exhibit 2** is a copy of the trademark application Serial No. 86/451,461.

11. Further, on the same date – November 11, 2014, Homie Gear filed an application to register a visually similar mark "SWISS WEAR" in International Class 25, based on its intent to use the mark in connection with following goods and services: apparel, namely, shirts, t-shirts, pants, jeans, shorts, underwear, jackets, socks, belts, ski masks, gloves, bandanas, do rags for use as caps, shoes, sandals, slippers, clogs, caps, hats, and beanies. The mark was published for opposition on November 10, 2015. Attached as **Exhibit 3** is a copy of the trademark application Serial No. 86/451,464.

12. On June 26, 2015 – several months after Plaintiff had filed its intent to use applications for the SWISS WEAR marks in International Classes 18 and 25, Defendant filed applications to register its "ALPINE SWISS" marks in International Classes 18 (Serial No. 86/676,141) and 25 (Serial No. 86/676,094) respectively. Attached as **Exhibits 4** and **5** respectively are copies of trademark application Serial

Nos. 86/676,141 and 86/676,094.

13. On information and belief, Defendant currently markets and sells a line of products under one, two or more versions of its "ALPINE SWISS" mark.

14. Homie Gear began sales of a variety of products under Homie Gear's SWISS WEAR mark as sought for registration as early as December 1, 2014. Since then, Homie Gear has been promoting, advertising, offering for sale and selling goods and services to be offered or being offered under its SWISS WEAR mark on the internet at locations such as www.homiegear.com, www.ebay.com, www.amazon.com, www.homiegear.bigcartel.com and in other places such as physical in-store locations in the United States. Homie Gear's sales have been steadily rising since Homie Gear started offering products under its SWISS WEAR mark.

15. In an improper attempt to curb further sales and reduce Plaintiff's fast-growing market share, Defendant has attempted to prevent and disrupt Homie Gear's product sales and trademark registrations.

16. On August 12, 2015, Defendant sent a cease and desist letter to Plaintiff and Ahmad Deiranieh aptly titled: "Infringement on Lanceberg Holdings' Distinctive ALPINE SWISS® and Design Trademarks." The letter alleged that Homie Gear was "violating the Lanham Act because offering goods bearing the [SWISS WEAR mark] causes confusion among consumers as to affiliation or approval by Lanceberg." Defendant unequivocally asserted that Homie Gear's branding of clothing, footwear and bags with the SWISS WEAR mark "trades on consumer familiarity with Lanceberg's products, dilutes the ALPINE SWISS [registered] trademark, and erodes the impact of Lanceberg's authentic trademarks." Defendant further asserted that Homie Gear's Ahmad Deiranieh may be personally liable for authorizing, directing or participating in the corporation's activities. Defendant demanded that Homie Gear cease offering or selling goods with the SWISS WEAR mark, destroy all remaining goods bearing the mark, and further provide written

assurances of complying with the demand by August 19, 2015. Defendant's August 12, 2015 letter further warned, "If, however, you continue (or at any time resume) offering these products in the market, Lanceberg may file a lawsuit against Homie Gear and [Ahmad Deiranieh] personally in federal court for trademark infringement." In very explicit terms, Lanceberg further warned that if Lanceberg files a federal court action, Homie Gear's actions of "simply ceasing [] infringement would not be sufficient — Lanceberg would require a full accounting of profits received from [the] sale of infringing goods for all periods leading up to resolution of the lawsuit." Lanceberg warned that it would take "further action" if Homie Gear did not stop selling goods bearing its SWISS WEAR mark. Attached as **Exhibit 6** is a copy of the cease and desist letter sent by Lanceberg, through its counsel, to Homie Gear and /or Ahmad Deiranieh.

17. On September 20, 2015, Lanceberg filed its Notice of Opposition alleging "likelihood of confusion" in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).and "trademark dilution" in violation of 15 U.S.C. §1125(c) in the proceeding relating to trademark application Serial No. 86/451,461. On December 29, 2015, Lanceberg filed another Notice of Opposition echoing the "likelihood of confusion" and "trademark dilution" allegations in the proceeding relating to trademark application Serial No. 86/451,464. On February 29, 2016, Lanceberg filed an amendment to the latter Notice of Opposition echoing the "likelihood of confusion" claims, abandoning the bulk of the "trademark dilution" allegations but maintaining its claim that "registration of the SWISS WEAR mark and Design will dilute Lanceberg's ALPINE SWISS mark."

18. On October 30, 2015 – several months after Plaintiff had filed its intent to use applications for the SWISS WEAR marks in International Classes 18 and 25, and several weeks after Plaintiff had informed Defendant by responsive pleadings that their ALPINE SWISS mark did not contain a visually similar "Maltese-style" cross, Defendant filed three applications for registration of marks International

Classes 18 (Serial No. 86/804,411) and 25 (Serial Nos. 86/804,405 and 86/804,396) which each contain a cross. Attached as **Exhibits 7, 8** and **9** are copies of trademark application Serial Nos. 86/804,411, 86/804,405 and 86/804,396.

19. In an attempt to protect its intellectual property interests and in response to Lanceberg's allegations of "likelihood of confusion" and "trademark dilution," on January 11, 2016, Homie Gear filed a parallel Notice of Opposition relating to Lanceberg's trademark application Serial Nos. 86/676,141 and 86/676,094.[1] For similar reasons, Homie Gear intends to file an additional Notice of Opposition in the proceedings relating to Lanceberg's three trademark application Serial Nos. 86/804,411, 86/804,405 and 86/804,396.

20. The timing and actions taken by Defendant in sending an unequivocally worded cease and desist letter alleging trademark infringement and warning of a federal lawsuit, and the multiple oppositions to Plaintiff's attempts at registering its trademarks, point to one inescapable conclusion: that Defendant improperly seeks to disrupt and prevent Homie Gear from lawfully using its SWISS WEAR mark in connection with Homie Gear's products. Indeed, on information and belief, this is not the first time that Defendant has sought to improperly seek to prevent others from using marks containing the word SWISS or the phrase "SWISS WEAR."

21. Homie Gear vigorously denies Lanceberg's meritless allegations of trademark infringement, and their claims of likelihood of confusion and trademark dilution. Homie Gear does not advertise, promote, offer for sale, sell or use any products associated with any mark that infringes any valid trademark, trade dress or other legal right of Defendant.

22. There is no likelihood of confusion between Homie Gear's SWISS

---

[1] It is Homie Gear's position that there is no likelihood of confusion between Homie Gear's SWISS WEAR marks and Lanceberg's marks. But according to Lanceberg's allegations thus far and in their Notices of Opposition, there is. Homie Gear's parallel Notice of Opposition, while unartfully worded in part, and its intended Notice of Opposition to the recently published marks are based in part therefore on the theory apparently relied on by Lanceberg in prior communications and in their Notices of Opposition to the applications for registration of Homie Gear's marks – that the existence of the word SWISS in either mark is sufficient to evince likelihood of confusion.

WEAR marks and Lanceberg's ALPINE SWISS word mark as shown in United States Trademark Registration No. 4,195,726 and Lanceberg's marks as sought for registration and as shown in application Serial Nos. 86/676,094, 86/676,141, 86/804,396, 86/804,405 and 86/804,411 because, inter alia, Lanceberg's marks and Homie Gear's marks are not confusingly similar considering primarily the distinctiveness of the marks themselves in sight and sound and their overall commercial impression.

23. In Homie Gear's trademark applications, the word SWISS appears as the first word before the word WEAR whereas in Lanceberg's registered word mark and in Lanceberg's trademark applications, the word SWISS appears as the second word after the word ALPINE.

24. In the parties' respective marks, each of the words other than SWISS in either mark has a distinct pronunciation and meaning. Lanceberg's mark and the word text in Home Gear's mark are shown below along with corresponding pronunciations:

| **ALPINE SWISS** | **SWISS WEAR** |
|---|---|
| (Pronunciation: al-pahyn, -pin swis) | (Pronunciation: swis wair) |

25. In the parties' respective marks, each of the words other than SWISS in either mark has a distinct meaning. ALPINE is an adjective which refers to something that pertains to a lofty mountain or elevated ground. WEAR on the other hand is a verb referring to carrying something on one's body as a covering, equipment, ornament or the like. Alternatively, WEAR is a noun referring to use for example as of a piece of clothing, or which refers to the gradual impairment as from use of something

26. There is no likelihood of confusion between Lanceberg's pending applications for the ALPINE SWISS marks as sought for registration as shown in application Serial Nos. 86/676,094 and 86/676,141 and Homie Gear's SWISS WEAR marks because, inter alia, Lanceberg's marks and Homie Gear's marks are

not confusingly similar considering the distinctiveness of the marks themselves in sight and their overall commercial impression.

27.     In Lanceberg's marks as sought for registration as shown in application Serial Nos. 86/676,094 and 86/676,141, the word SWISS appears as the second word after the word ALPINE, and is interposed below the word ALPINE. As noted above, in Homie Gear's marks, the word SWISS comes before the word WEAR and the words are side by side. Further, in Lanceberg's mark, the text in the marks appears to be in lowercase whereas in Homie Gear's marks, the text in the marks is in uppercase.

28.     Further, each of the other features of the marks has an indisputably distinct commercial impression. Lanceberg's marks in application Serial Nos. 86/676,094 and 86/676,141 consist of a black square with an impression of a mountain range and as represented in the application, with the word ALPINE in white text and color and black text representing the word SWISS is inscribed below the black square. Homie Gear's marks consist of an image representation of a red diamond with a representation of a white *cross pattée* or a Maltese-stylized white cross in the center of the red diamond with each arm of the cross having an appendage attached on either side. The marks as sought for registration by either party are shown below:

| **ALPINE SWISS** | **SWISS WEAR** |
|---|---|
| alpine SWISS | SWISS WEAR |

29.     There is no likelihood of confusion between Lanceberg's pending applications for the ALPINE SWISS marks as sought for registration as shown in

1  application Serial Nos. 86/804,396, 86/804,405 and 86/804,411 and Homie Gear's
2  SWISS WEAR marks because, inter alia, Lanceberg's marks and Homie Gear's
3  marks are not confusingly similar considering the distinctiveness of the marks
4  themselves in sight and their overall commercial impression.

5  30. In Lanceberg's marks as sought for registration, the word SWISS
6  appears as the second word after the word ALPINE. As noted above, in Homie
7  Gear's marks, the word SWISS comes before the word WEAR. Further, in
8  Lanceberg's marks, the text in the marks appears to be in lowercase whereas in
9  Homie Gear's marks, the text in the marks is in uppercase.

10 31. Further, each of the other features of the marks has an indisputably
11 distinct commercial impression. Lanceberg's marks in application Serial Nos.
12 86/676,094, 86/676,141 consist of a black circle with a regular black cross hanging
13 in its center and as represented in the application, with the word "ALPINE SWISS"
14 in black lowercase text side by side with the circle. Homie Gear's marks on the other
15 hand consist of an image representation of a red diamond with a representation of a
16 white *cross pattée* or a Maltese-stylized white cross in the center of the red diamond
17 with each arm of the cross having an appendage attached on either side and as
18 represented in the applications, with the word "SWISS WEAR" in uppercase text
19 below the red diamon. The marks as sought for registration by either party are shown
20 below:

| ALPINE SWISS | SWISS WEAR |
|---|---|
| ⊕ alpineswiss | [red diamond with white Maltese cross] SWISS WEAR |

32. On information and belief, Lanceberg does not own any exclusive rights in the word "SWISS."

33. On information and belief, there is a plethora of third party applications for registrations and registrations in International Classes 18 and 25 which include the term SWISS –the only term that appears in either parties' marks. Attached hereto as **Exhibits 10** and **11** respectively are copies of printouts from the United States Patent and Trademark Office website illustrating the various trademark applications and the issued trademark registrations for marks which contain the word SWISS in International Classes 18 and 25 respectively.

34. On information and belief, because of the numerous trademark applications and registrations in International Classes 18 and 25 of marks that include the word SWISS, any secondary meaning or other trademark rights that Defendant may have in its ALPINE SWISS registered mark or its applied-for ALPINE SWISS marks are narrowly circumscribed to the marks as registered and applied for and do not broadly extend to any other separable word or features which may appear within the marks and in those other trademark applications or registrations.

35. There is a real, concrete and justiciable controversy existing between Homie Gear and Defendant concerning Homie Gear's lawful advertisement, promotion, offers for sale and sale of Homie Gear's products bearing the SWISS WEAR mark.

36. Under the circumstances, there exists a clear, substantial and continuing threat to Homie Gear's business as long as the current controversy remains unresolved. Accordingly, Homie Gear needs and seeks resolution of the issues raised in this Complaint for Declaratory Relief to lift the cloud over its business. On at least such basis, Homie Gear is entitled to declaratory relief.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of No Trademark Infringement)

37. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Homie Gear that it will face suit for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, if Homie Gear continues its activities with respect to its products which are advertised, promoted, offered for sale or sold under the mark SWISS WEAR.

39. Homie Gear seeks a declaratory judgment that its use of the SWISS WEAR mark is not likely to cause confusion with Defendant's marks.

40. Homie Gear seeks a declaratory judgment that its SWISS WEAR mark does not infringe Defendant's marks.

41. Homie Gear seeks a declaratory judgment that Defendant will suffer no damages or loss of goodwill as a result of Homie Gear's use of its SWISS WEAR mark.

42. Homie Gear seeks a declaratory judgment that Defendant is not entitled to any damages under 15 U.S.C. § 1117.

43. Homie Gear seeks a declaratory judgment that Defendant is not entitled to any injunctive relief under 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of No Trademark Dilution)

44. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Homie Gear that it will face suit for trademark dilution under Lanham Act, 15 U.S.C. § 1125(c), if Homie Gear continues its activities with respect to its products which are advertised, promoted, offered for sale or sold under

the mark SWISS WEAR.

46. Homie Gear seeks a declaratory judgment that Defendant's ALPINE SWISS mark is not famous.

47. Homie Gear seeks a declaratory judgment that its activities with respect to its products which are advertised, promoted, offered for sale or sold under the mark SWISS WEAR do not dilute any alleged distinctive quality of Defendant's ALPINE SWISS mark.

48. Homie Gear seeks a declaratory judgment that Defendant will suffer no damages or loss of goodwill as a result of Homie Gear's use of its SWISS WEAR mark.

49. Homie Gear seeks a declaratory judgment that Defendant is not entitled to any damages under 15 U.S.C. § 1117.

50. Homie Gear seeks a declaratory judgment that Defendant is not entitled to any injunctive relief under 15 U.S.C. § 1116.

### THIRD CLAIM FOR RELIEF

### (Declaratory Relief of No Federal Unfair Competition)

51. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Homie Gear that it will face suit for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), if Homie Gear continues its activities with respect to its to its products which are advertised, promoted, offered for sale or sold under the mark SWISS WEAR.

53. Homie Gear seeks a declaratory judgment that its activities with respect to its products which are advertised, promoted, offered for sale or sold under the mark SWISS WEAR do not constitute unfair competition or infringement of Defendant's alleged rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Homie Gear seeks a declaratory judgment that Defendant will suffer no damages or loss of goodwill as a result of Homie Gear's use of its SWISS WEAR mark.

55. Homie Gear seeks a declaratory judgment that Defendant is not entitled to any damages under 15 U.S.C. § 1117.

56. Homie Gear seeks a declaratory judgment that Defendant is not entitled to any injunctive relief under 15 U.S.C. § 1116.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment of Homie Gear's Right to Use and Register the SWISS WEAR mark)**

57. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning whether Plaintiff's use and registration of the mark ALPINE SWISS alone gives Plaintiff standing to oppose or seek to cancel any mark that contains the word "SWISS." This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

59. Upon information and belief as a result of wide third party use of the word "SWISS" in various trademark applications and registrations, consumers do not associate the word "SWISS" with a single source.

60. Upon information and belief as a result of wide third party use of the word "SWISS" in various trademark applications and registrations, Defendant does not have exclusive rights or other ownership rights in the word "SWISS."

61. Upon information and belief, the only potential similarity between Homie Gear's SWISS WEAR mark and Defendant's mark is the word "SWISS."

62. Defendant's improper ownership claims in the phrase "SWISS WEAR" has caused and continues to cause irreparable injury to Homie Gear.

63. Homie Gear is entitled to a judicial declaration that the use and

registration of Defendant's marks does not entitle Defendant to exclusive use and registration of any mark containing the word "SWISS."

64. To resolve the factual and legal issues raised by Defendant and to afford relief from the uncertainty which Defendant has propagated in their allegations and in this dispute, Homie Gear is entitled to a declaration, pursuant to 28 U.S.C. §§ 2201-02, that it may register and use the SWISS WEAR mark in connection with backpacks, book bags, sports bags, bum bags, wallets and handbags in International Class 18 and in connection with apparel, namely, shirts, t-shirts, pants, jeans, shorts, underwear, jackets, socks, belts, ski masks, gloves, bandanas, do rags for use as caps, shoes, sandals, slippers, clogs, caps, hats, and beanies in International Class 25; and that under the circumstances of this case, Defendant is not entitled to enjoin or prevent such use or registration.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaring that Homie Gear's conduct, including its promotion, advertising, offering for sale and selling of products under the SWISS WEAR mark does not constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114;

2. Declaring that Homie Gear's conduct, including its promotion, advertising, offering for sale and selling of products under the SWISS WEAR mark does not constitute trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c);

3. Declaring that Homie Gear's conduct, including its promotion, advertising, offering for sale and selling of products under the SWISS WEAR mark does not constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

4. Declaring that Defendant has not suffered any harm and is not entitled to damages or other relief under the Lanham Act, 15 U.S.C. § 1117;

5. Declaring that Defendant has not suffered any harm and is not entitled

to injunctive relief or other relief under 15 U.S.C. § 1116;

    6. Declaring that Homie Gear is entitled to use and register its SWISS WEAR mark; and that Defendant is not entitled to enjoin or prevent such use or registration;

    7. Declaring that this matter is an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a).

    8. Awarding Homie Gears its costs, expenses and attorney's fees under the Lanham Act, 15 U.S.C. § 1117; and

    9. Awarding Homie Gear any other relief that the Court deems just and proper.

## JURY TRIAL

Homie Gear requests a trial by jury on all issues so triable.

DATED: May 2, 2016

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/Lisel M. Ferguson
Lisel M. Ferguson
lisel.ferguson@procopio.com
Nicholas Kawuka
nicholas.kawuka@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiff*
Homie Gear, Inc.